UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LESLIE PINCIARO DUDLEY,

       Plaintiff,

v.

CASE NO. 3:13-CV-1287-J-20 JBT

ELI LILLY AND COMPANY, a Foreign
For-Profit Corporation; and LILLY USA,
LLC, a Foreign For-Profit Limited Liability
Company,

       Defendant.

_____/

## DEFENDANTS ELI LILLY AND COMPANY AND LILLY USA, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, and M.D. Fla. Local Rule 4.02, Defendants Eli Lilly and Company and Lilly USA, LLC (together, "Lilly")[1] respectfully submit this Notice of Removal of Civil Action from the Circuit Court of the Fourth Judicial District in and for Duval County, Florida, to the United States District Court for the Middle District of Florida. In support of this Notice of Removal, Lilly states as follows:

1.     Lilly is the defendant in a lawsuit filed and pending in the Circuit Court of the Fourth Judicial District in and for Duval County, Florida, entitled *Dudley v. Eli Lilly & Co. et al.*, Case No. 16-2013-CA-008447-XXXX-MA (the "State Court Action"). Copies of the following documents from the State Court Action are attached as Composite Exhibit 1. No

---

[1] Lilly USA, LLC is a wholly owned subsidiary of Eli Lilly and Company.

other process, pleadings, orders, or other papers or exhibits in the State Court Action have been filed or served upon Lilly.

2.      The State Court Action was filed on September 13, 2013.  Lilly was served on September 23, 2013 and first received a copy of the Complaint on that day and returns of service were filed on September 30, 2013.  This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b), within thirty days of Lilly's receipt of a copy of the Complaint in the State Court Action.

3.      Plaintiff Leslie Pinciaro Dudley ("Dudley") purports to bring claims against Lilly on behalf of herself and other similarly situated individuals, claiming generally that Lilly did not pay her certain reward payments allegedly due pursuant to an employment agreement as a Fixed Duration Employee ("FDE") sales representative under breach of contract and equitable theories.  Dudley seeks prorated payments for three different types of incentive payments: a sales incentive known as "VOB," an incentive based on a Customer Value Metric ("CVM"), and an incentive known as the Service Value Chain incentive ("SVC").  Compl. ¶¶ 20-22; 29-31.  Dudley also seeks the value of a Reward Recognition Trip ("RRT"), which Dudley values at $5,000.  Dudley also brings a promissory estoppel claim on her own behalf.

4.      Diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), exists here because this case is a class action, Dudley is a citizen of a different state than Lilly, Lilly is not a citizen of Florida, the proposed class is more than 100 persons, and the amount in controversy exceeds $5,000,000 exclusive of interests and costs.  28

U.S.C. § 1332(d); *see also, e.g., Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1194-95 (11th Cir. 2007) (listing elements of Class Action Fairness Act jurisdiction).

5.    **Citizenship**. Dudley resides in and is a citizen of Florida. Compl. ¶ 6. Eli Lilly and Company is a corporation organized and existing under and by virtue of the laws of the Indiana, and has its principal place of business (where the majority of its executive and administrative functions are performed) in Indiana. Decl. of James R. Harenberg in Supp. of Defs' Notice of Removal of Civil Action ("Harenberg Decl.") ¶ 2, attached as Ex. 2. Lilly USA, LLC is a limited liability company organized and existing under and by virtue of the laws of Indiana and is a wholly owned subsidiary of Eli Lilly and Company. *Id.* Lilly is therefore a citizen of Indiana for purposes of determining diversity jurisdiction. 28 U.S.C. § 1332(c)(1) (corporation's citizenship); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("a limited liability company is a citizen of any state of which a member of the company is a citizen"). Lilly's business activities do not substantially predominate in any one state, and the amount of Lilly's business activity in Florida is not significantly larger than other states in which it conducts business. As a result, Lilly is not now, nor was at the time of the filing of the Complaint, a citizen of Florida within the meaning of the Acts of Congress relating to the removal of causes.

6.    **Amount in Controversy: Standard**. Lilly bears the burden of establishing diversity jurisdiction, but "is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). The Eleventh Circuit described how a removing defendant could satisfy the amount in controversy requirement in the *Pretka* case:

> When the complaint does not claim a specific amount of damages, removal from state court is jurisdictionally proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed.

*Id.* (citation, brackets, and quotation marks omitted). The amount of controversy in this case is established by a hybrid of a specific amount of damages in the Complaint and Lilly's own evidence. Lilly's evidence properly may include affidavits, declarations, or other documents. *Id.* at 755.

7.   **Amount in Controversy: Dudley.** Dudley seeks prorated payments for three different types of incentive payments: the VOB incentive, the Customer Value Metric incentive known or "CVM," and the Service Value Chain incentive or "SVC." Compl. ¶¶ 20-22; 29-31. The Complaint seeks $4,600 for Dudley's VOB and an unspecified amount for the other two incentives. *Id.* at ¶ 30-31. Dudley also seeks $5,000 for a Reward Recognition Trip and an unspecified amount of attorneys' fees. *Id.* at ¶¶ 24-25, 32; 16 ¶ D. Therefore, although the Complaint does not state a total amount of damages for Dudley, it is at least $9,600.

8.   **Amount in Controversy: Class.** The Complaint defines the following proposed class:

> All LILLY Fixed Duration Employees ("FDE") who, during the class period, did not received (1) a sales incentive ("VOB"), and/or (2) a Customer Value Metric ("CVM"), and/or (3) a Service Value Chain ("SVC"), and/or (4) the value of a Reward Recognition Trip ("RRT"), payments as a result of their scheduled termination date occurring before the completion of the time period used for calculating said amounts.

*Id.* at ¶ 36. Dudley alleges "that there are at least 100 similarly situated individuals," *id.* at ¶ 37, which satisfies the requirements of 28 U.S.C. § 1332(d)(5). In fact, the number of potential class members is far greater than 100. Since January 1, 2008, Lilly has employed 1,181 sales representative FDEs who were eligible to receive incentive compensation, provided other requirements for such compensation were met. Harenberg Decl. ¶ 6.[2] Based on Dudley's own allegations as to the amount in dispute as to her individual claims (which she claims to be typical of the class, Compl. ¶ 39), as well as Lilly's evidence regarding the number of potential class members, the amount in controversy is $11,337,600 at minimum (1,181 FDEs times $9,600). Lilly has provided the additional evidence that the in 2011, for example, quarterly incentive compensation targets for sales representatives ranged from $1,450 to $4,725 and biannual incentive compensation targets ranged from $2,700 to $5,500. Hargenberg Decl. ¶ 7. Even adding the middle of these ranges, $3,087.50 and $4,100, respectively, the amount in controversy is $8,488,437.50 for incentive payments plus another $ 5,905,000 for Reward Recognition Trips, for a total of $14,393,437.50. The amount in controversy exceeds the statutory minimum of $5,000,000.

     9.     Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because this district embraces the place where the State Court Action is pending.

     10.     Lilly has not answered in the State Court Action.

     11.     All defendants consent to removal.

---

[2] Dudley admits that the case is governed by Indiana law, Compl. ¶ 35, and the statute of limitations for contract claims in Indiana is 10 years, Ind. Code § 34-11-2-11. Arguably, therefore, the scope of the class could be broader and could include individuals employed in earlier years.

12.     Contemporaneously with the filing of this Notice of Removal, Lilly is giving notice to Dudley and filing a Notice of Removal of Civil Action in the State Court Action, a copy of which is attached as Exhibit 3.[3]

13.     Lilly does not, by filing this Notice of Removal, waive any defenses that may be available to it.

WHEREFORE, Lilly respectfully requests that this action, now pending in the Circuit Court of the Fourth Judicial District in and for Duval County, Florida, be removed therefrom to this Court and that further proceedings in this action be conducted in this Court as provided by law.

Dated this 23rd day of October, 2013.

By:     s/Eric J. Holshouser
Eric J. Holshouser
Florida Bar No.: 0307734
Email: eric.holshouser@fowlerwhite.com

FOWLER WHITE BOGGS P.A.
50 North Laura Street, Suite 2800
Jacksonville, FL  32202
(904) 598-3100 – Telephone
(904) 598-3131 – Facsimile

Ellen E. Boshkoff
Thomas W. Carroll
*Admission Pro Hac Vice Forthcoming*
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204-1750

---

[3]Exhibit A to Eli Lilly's Notice of Filing Notice of Removal of Civil Action is not included since it is a copy of this document.

Telephone: (317) 237-1266
Fax: (317) 237-8566
E-mail: ellen.boshkoff@FaegreBD.com

3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203-4532
Telephone:  (303) 607-3500
Fax: (303) 607-3600
E-Mail: thomas.carroll@FaegreBD.com

Attorneys for Defendants Eli Lilly and
Company and Lilly USA, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendants Eli Lilly and Company and

Lilly USA, LLC's Notice of Removal of Civil Action was served by electronic mail this 23rd

day of October, 2013 upon the following:

> Brian W. Warwick
> E-mail:  bwarwick@varnellandwarwick.com
> marnst@varnellandwarwick.com (secondary)
>
> Janet R. Varnell
> E-mail:  jvarnell@varnellandwarwick.com
>
> Steven T. Simmons
> E-mail:  ssimmons@varnellandwarwick.com
> Varnell & Warwick, P.A.
> 20 La Grande Boulevard
> The Villages, Florida  32159
>
> William J. Scott
> The Law Offices of William J. Scott
> 554 Lomax Street
> Jacksonville, Florida  32204
> E-mail:  wjscott.service@wjscottlaw.com
>
> Attorneys for Plaintiff

_____
Attorney

dms.us.53005385.01

8