IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA
CIVIL DIVISION

**LESLIE PINCIARO DUDLEY**, On Behalf of
Herself and All Others Similarly Situated,

    Plaintiff,                                CASE NUMBER:

                                          CLASS REPRESENTATION
v.                                       JURY TRIAL DEMANDED

**ELI LILLY AND COMPANY**, a Foreign For-Profit
Corporation; and **LILLY USA, LLC**, a Foreign
For-Profit Limited Liability Company,

    Defendants.
_____/

## CLASS ACTION COMPLAINT

Plaintiff, LESLIE PINCIARO DUDLEY ("Plaintiff"), on behalf of herself and all others similarly situated, sues the above-captioned Defendants, and alleges the following, based upon personal knowledge, where applicable, and on information and belief and the investigation and research of counsel:

### NATURE OF ACTION

1. This is a class action lawsuit brought on behalf of Plaintiff and all other persons similarly situated against ELI LILLY AND COMPANY and Lilly USA, LLC (collectively "LILLY"), for its failure to pay salary incentives contracted for and earned by Plaintiff and other members of the Class defined below.

2. LILLY is a pharmaceutical company which is principally engaged in the design, development, manufacture, and selling of pharmaceutical products in the United States and throughout the world. LILLY is the tenth (10th) largest pharmaceutical company in the world.[1]

---

[1] Source: http://lilly.com/about/Pages/default.aspx.

3. Plaintiff was employed by LILLY as a Senior Sales Representative and was hired as a "Fixed Duration Employee" whose employment would end on a specified future date. Throughout Plaintiff's employment with LILLY, Plaintiff contracted for and received regular salary incentives for meeting certain individual and team goals. In fact, as part of its offer of employment to all Fixed Duration Employees, LILLY promised specific incentives to Plaintiff as additional components of her total salary package. Plaintiff and other Fixed Duration Employees received these incentives on a quarterly, bi-annual, or annual basis, depending on the type of salary incentive.

4. LILLY also promised that Plaintiff would receive the incentives she earned through the end of her contractual term. However, when Plaintiff's employment term came to an end, LILLY failed to pay Plaintiff and other Fixed Duration Employees the incentives they had earned prior to their scheduled termination date.

5. Accordingly, Plaintiff brings this suit on behalf of herself and all others similarly situated to recover all damages resulting from LILLY's failure to pay the incentives contracted for by LILLY and its Fixed Duration Employees.

## PARTIES

6. Plaintiff, LESLIE PINCIARO DUDLEY, is a resident of the state of Florida. Plaintiff DUDLEY has been damaged as a result of LILLY's failure to pay certain incentives contracted for and earned during her employment with LILLY.

7. Defendant ELI LILLY and COMPANY is a foreign for-profit corporation qualified to do business in the State of Florida and doing business in Jacksonville, Duval County, Florida, at all times relevant to this action.

8.   Defendant LILLY USA, LLC is wholly owned subsidiary of Defendant ELI LILLY and COMPANY, a foreign for-profit limited liability company qualified to do business in the State of Florida and doing business in Jacksonville, Duval County, Florida, at all times relevant to this action.

## JURISDICTION AND VENUE

9.   This Court has jurisdiction over this matter because the amount in controversy exceeds $15,000; the Plaintiff is a Florida resident; and the Court has personal jurisdiction over Defendant because it transacted business in that State of Florida.

10.   Venue is proper in this County because the employment contract at issue was entered into, performed, and Plaintiff's cause of action originated, in Duval County.

## FACTUAL ALLEGATIONS

### A.   The Employment Contract

11.   On or about January 21, 2011, Defendant LILLY offered Plaintiff DUDLEY employment as a Senior Sales Representative working out of their Jacksonville, Florida office. Pursuant to LILLY's Offer Letter (attached hereto as Exhibit "A") dated January 21, 2011, Plaintiff Dudley was to receive incentives in addition to her annualized base salary. These incentives described in LILLY's employment contract were detailed in subsequent LILLY documents, including but not limited to a document called the "Incentive Compensation Plan."

12.   On or about January 24, 2011, Plaintiff DUDLEY accepted LILLY's Offer by sending to LILLY a form Letter of Acceptance provided to her by LILLY. (Exhibit "B", Plaintiff's Letter of Acceptance).

13.   In addition, Plaintiff DUDLEY entered into an Employee Agreement (attached hereto as Exhibit "C") as required by LILLY's Offer Letter. Under the terms of the Employee

Agreement, Plaintiff DUDLEY was to be employed as a Fixed Duration Employee ("FDE"), with her employment automatically terminating on March 7, 2013.

### B. Fixed-Duration Employment

14. Between approximately, February 21, 2011 to March 7, 2013, Plaintiff DUDLEY was employed by LILLY as a contract employee, or fixed duration employee ("FDE").

15. At LILLY, a FDE is different from a full-time employee ("FTE") only in the fact that the FDE has a termination date specified in their employment agreement. However, the FDE and FTE receive identical benefits.

16. As a FDE, Plaintiff DUDLEY's employment relationship with LILLY was set to automatically terminate on March 7, 2013.

### C. LILLY's Compensation Plan

17. At the time Plaintiff DUDLEY accepted employment, LILLY's Compensation Plan for FDE's included an annual salary with specific incentive components.

18. Specifically, Plaintiff DUDLEY and other FDE's were compensated with (1) a base annual salary, (2) a sales incentive (referred to as "VOB"), (3) a "Customer Value Metric" incentive ("CVM"), and (4) a "Service Value Chain" incentive ("SVC").

19. First, Plaintiff DUDLEY received an annual salary. Plaintiff DUDLEY was paid an annualized base salary of $83,016.00.

20. Second, Plaintiff DUDLEY received a sales incentive, commonly referred to by LILLY as "VOB." During Plaintiff DUDLEY's employment, LILLY changed the payout period for the VOB sales incentive from quarterly (every three months) to bi-annual (every six months).

21. Third, Plaintiff DUDLEY received an incentive calculated based on customer satisfaction and value, also known as "Customer Value Metric" or "CVM." During Plaintiff

DUDLEY's employment, LILLY changed the payout period for the CVM incentive from quarterly (every three months) to bi-annual (every six months).

22. Fourth, Plaintiff DUDLEY received an incentive calculated based on the customer's view of the company after having dealt with LILLY representatives such as Plaintiff DUDLEY, also known as "Service Value Chain" or "SVC." Upon information and belief, the SVM incentive is calculated annually.

23. On or around October 2012, LILLY changed the way it calculated its incentives. Specifically, LILLY moved from calculating incentives on an individual basis to a system based on "team" goals. Plaintiff DUDLEY was notified that the change would take effect starting on or around October 1, 2012.

24. In addition to salary and salary incentives, LILLY employees were also compensated with vacation trips, called "Reward Recognition Trips" ("RRT") that were awarded for individual performance.

25. For example, prior to the expiration of her contract with LILLY, Plaintiff DUDLEY earned a RRT for her performance for the period of October 1, 2011 through September 30, 2012. The trip was valued at five thousand dollars ($5,000.00).

26. As part of her employment contract, Plaintiff DUDLEY and other FDE's were routinely paid the incentives described above in previous payout periods.

**D.   LILLY's Refusal to Pay Earned Incentives**

27. Prior to Plaintiff DUDLEY's set termination date, LILLY told Plaintiff DUDLEY and other FDE's that all incentives would be paid throughout their contract term.

28. However, after Plaintiff DUDLEY's employment with LILLY expired by agreement on March 7, 2013, Plaintiff DUDLEY was notified by LILLY that because she had

not worked to the end of the requisite eligibility periods ("payout periods"), she would not receive her VOB sales incentive, CVM incentive, SVC incentive, and RRT incentive despite her earning each incentive during her employment period.

29. Pursuant to the terms of their employment contract, Plaintiff DUDLEY and the FDE class she seeks to represent are entitled to the pro-rated amount of the incentives earned prior to their termination date.

30. For example, the end of the payout period for the VOB sales incentive was March 31, 2013. Despite Plaintiff DUDLEY working from October 1, 2012 to March 7, 2013, approximately five months and 1 week into the six-month payout period, LILLY failed to pay Dudley the pro-rated amount of her contractual incentives for the VOB sales incentive earned during her employment. Plaintiff DUDLEY learned that the VOB sales incentive paid for this period was $4600. Accordingly, Plaintiff is entitled to a pro-rated amount of the $4600 earned during her employment term.

31. Likewise, LILLY also failed to pay Plaintiff DUDLEY her pro-rated CVM incentive for work performed from January 1, 2013 to March 7, 2013, and a pro-rated SVC incentive for work performed from October 1, 2012 to March 7, 2013.

32. LILLY also informed Plaintiff DUDLEY that she would not receive the Reward Recognition Trip that she previously earned or the value thereof, because her employment was not extended to June 30, 2013, as part of the LILLY reorganization. Those FDE employees that had their employment term extended were paid $5,000.00 for the RRT earned by DUDLEY.

33. At no time during her employment with LILLY was Plaintiff DUDLEY ever notified that she would not receive her VOB sales incentive, CVM incentive, SVC incentive, or RRT incentive for work performed during her final employment term. .

34. Plaintiff DUDLEY has performed all conditions precedent prior to bringing this action.

E. **Pursuant to the Employment Contract, Indiana Law Applies in this Lawsuit**

35. Plaintiff's Employee Agreement (Exhibit "C") states that "Employee's employment with Lilly shall be governed in all respects by the internal laws of the State of Indiana." For this reason, Indiana law will apply to each of the causes of action stated herein.

## CLASS REPRESENTATION ALLEGATIONS

36. Plaintiff brings this action pursuant to Fla. R. Civ. P. 1.220(b)(3), on behalf of herself and a Class defined as follows:

> All LILLY Fixed Duration Employees ("FDE") who, during the class period, did not receive (1) a sales incentive ("VOB"), and/or (2) a Customer Value Metric ("CVM"), and/or (3) a Service Value Chain ("SVC"), and/or (4) the value of a Reward Recognition Trip ("RRT"), payments as a result of their scheduled termination date occurring before the completion of the time period used for calculating said amounts.

37. **Numerosity:** The exact number of members of the Class is unknown to the Plaintiff at this time, but on information and belief, DUDLEY alleges that the Class is so numerous that joinder of all members is impractical. Upon information and belief, Plaintiff states that there are at least 100 similarly situated individuals, as Plaintiff's termination coincided with terminations and layoffs of other FDE's at LILLY. For example, there were approximately 50 other FDE employees in DUDLEY's men's health division alone; and, over 100 FDE's in other divisions nationwide. Ultimately, the members of the Class will be easily ascertained from the records of LILLY when discovery commences.

38. **Commonality:** The issues involved in this case are susceptible to class-wide proof. Specifically, upon information and belief, all members of the Class entered into similar, if not identical employment agreements with LILLY. In addition, the formula for calculating

incentives is uniform for all FDE's employed by LILLY. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members, and include, but are not limited to:

a. Whether the Class Members' employment contracts obligated LILLY to pay incentives for work performed through the end of their employment period;

b. Whether LILLY established a policy or practice of not paying incentives to Class members whose employment terminated before the end of the payout periods for those incentives;

c. Whether LILLY breached the terms of its employment contract by failing to pay pro-rated incentives to FDE employees terminated by contract before the end of the payout period;

d. Whether Indiana law applies to every Class member's employment contract;

39. **Typicality:** Plaintiff's claims are typical of the claims of the other members of the Class as there are no material differences in the facts and law underlying their claims. For example, Plaintiff and all other members of the Class were employed by LILLY as FDE's and were not paid pro-rated incentives for work performed before their employment term expired. On information and belief, the LILLY employment agreement is a uniform contract. In addition, LILLY's uniform conduct surrounding its failure to pay pro-rated incentives to FDEs makes Plaintiff's claims identical to each Class member's claims. There is nothing peculiar or unusual about Plaintiff's situation that would make her claims against LILLY different from other Class members. Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct and Plaintiff's prosecution of her claims will advance the claims of all Class members.

40. **Adequacy of Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experience in complex litigation and class actions. Specifically, Plaintiff's interests, like all other class members, focus on the conduct related to LILLY's failure to pay incentives to FDE's whose contract term expired prior to the end of the payout period.. Further, Plaintiff has no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff. If LILLY breached its contract with Plaintiff, then LILLY also breached its contract as to all other Class members. The same is true as to Plaintiff's unjust enrichment claim. Plaintiff is prepared to diligently prosecute this action against all Defendants. In regards to Plaintiff's counsel, they have litigated numerous class actions in various jurisdictions, including Florida state and federal courts, and have ample experience litigating class actions dealing with breach of contract.

41. **Predominance:** The common questions of law and fact listed above exist as to all Class Members and predominate over any questions affecting only individual members of the Class. Specifically, the key liability issues focus on LILLY's common conduct in regards to standard-form Employment Contracts and uniform incentive schedules. Whether Defendants breached its employment contract with Plaintiff will turn on a review of standardized agreements and uniform conduct by LILLY. Therefore, because the determinations central to this case involve issues of law and fact based on standardized documents and a common course of conduct by LILLY, common questions predominated over any minor individual issues that may exist.

42. **Superiority:** Class treatment of the claims set forth in this Complaint is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for the

proposed Class members to prosecute their claims individually. Even if members of the Class could sustain such individual litigation, it would not be preferable to a class action because the individual litigation would increase the delay and expenses to all parties due to the complex legal and factual controversies presented in this Complaint. Absent a class action, a multiplicity of individual lawsuits would be required to address the claims between the Class members and the Defendant so that inconsistent treatment and adjudication of the claims would likely result. In addition, a class action presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

43. Adequate notice can be given to Class members directly using information maintained by LILLY's employment records.

## COUNT I – BREACH OF EMPLOYMENT CONTRACT
### (Indiana Law Applies)

44. Plaintiff, on behalf of herself and all others similarly situated, repeats and re-alleges allegations in the above paragraphs 1 through 43 as if fully set forth herein.

45. Plaintiff entered into an Employment Contract with Defendant LILLY on or about January 24, 2011.

46. Plaintiff fulfilled her obligations under the Employment Contract.

47. On or around March 7, 2013, Plaintiff's employment automatically ended with Defendant LILLY.

48. At the time Plaintiff's employment period ended, Defendant LILLY retained Plaintiff's pro-rated VOB incentive, CVM incentive, SVC incentive, and Reward Recognition Trip incentive, which were earned by Plaintiff during her employment period.

49. Defendant LILLY breached its Employment Contract with Plaintiff and the Class by failing to pay the pro-rated amounts owed to them for the above incentives. Nowhere in LILLY's employment contract does it explain that incentive will not be paid if the contractual term ends prior to the end of the incentive period.

50. Specifically, Plaintiff is owed a VOB incentive that is due to be pro-rated for her work from October 1, 2012 through March 7, 2013.

51. Plaintiff is also owed a CVM incentive that is due to be pro-rated for her work from January 1, 2013 through March 7, 2013, and a SVC incentive that is due to be pro-rated for her work from October 1, 2012 through March 7, 2013.

52. In addition, Plaintiff is owed the Reward Recognition Trip, or the reasonable value thereof, since LILLY failed to give her the Trip before the expiration of their employment period, despite it being earned by Plaintiff in 2012.

53. The amounts owed to Plaintiff and the Class are easily calculable by pro-rating LILLY's uniform incentives formulas disclosed to employees at the beginning of each year.

54. Accordingly, Defendant LILLY breached its Employment Contract with Plaintiff and the Class by failing and refusing to pay incentives which had accrued to the date of termination of Plaintiff's and the Class's employment.

55. As a result of LILLY's breach, Plaintiff and the Class have suffered harm as a direct and proximate result of LILLY's breaches of the Employment Contract. Therefore, Plaintiff and the Class are entitled to damages.

56. Specifically, Plaintiff and the Class has suffered lost incentives, and incurred other incidental and consequential damages and expenses as a result of LILLY's acts.

## COUNT II - QUANTUM MERUIT
(Indiana Law Applies)

57. Plaintiff, on behalf of herself and all others similarly situated, repeats and re-alleges allegations in the above paragraphs 1 through 43 as if fully set forth herein.

58. Quantum meruit is a "breach of contract remedy available to an innocent party to recover the value of services performed under the contract." City of Indianapolis v. Twin Lakes Enterprises, Inc., 568 N.E.2d 1073, 1078 (Ind. Ct. App. 1991) (a party may plead breach of contract and quantum meruit as alternative theories, so long as it recovers only once for its damages).

59. Plaintiff and the Class assert a claim for quantum meruit on the basis that they are entitled to the reasonable value of their services.

60. LILLY, through its own actions, including but not limited to correspondence and incentive plans, indicated that Plaintiff and the Class would be compensated for any and all incentives earned throughout their employment term.

61. LILLY's actions and omissions have resulted in damages suffered by Plaintiff and the Class for the loss of incentives earned, which is necessarily the value of their services performed under the parties' contract.

62. The money LILLY owes Plaintiff and the Class as earned incentives all inured directly to LILLY's benefit by its nonpayment for work performed and time spent for LILLY's benefit. Plaintiff and the Class should receive what they are entitled to by quantum meruit, and LILLY should not be unjustly enriched by its nonpayment of theses incentives that were earned by Plaintiff and the Class.

## COUNT III – UNJUST ENRICHMENT
### (Indiana Law Applies)

63. Plaintiff, on behalf of herself and all others similarly situated, repeats and re-alleges allegations in the above paragraphs 1 through 43 as if fully set forth herein.

64. This cause of action is alleged in the alternative to the breach of contract claim set forth above.

65. Defendant LILLY received the measurable benefit of Plaintiff's and the Class's work, whereby LILLY requested the work, and Plaintiff and the Class performed accordingly.

66. Defendant LILLY failed to compensate Plaintiff and the Class for incentives that they earned while employed at LILLY. As a matter of equity, it would be unjust for LILLY to benefit at the expenses of Plaintiff and the Class.

67. Indeed, it would be unjust for Defendant LILLY to benefit from its own uniform conduct in failing to pay pro-rated incentives to its FDE employees who were terminated before the payout periods ended. Specifically, LILLY paid identical incentives in the past, LILLY failed to disclose that it did not intend to pay incentives to employees whose employment period ended before the payout period ended, and LILLY uniformly represented the incentives would be paid to FDE employees who were contractually terminated before the payout periods ended.

68. To date, Defendant LILLY has refused and/or failed to compensate Plaintiff and the Class for the benefit conferred upon LILLY.

69. The money Defendant LILLY owes Plaintiff and the Class as earned incentives all inured directly to LILLY's benefit by its nonpayment for work performed and time spent for LILLY's benefit. Plaintiff and the Class should receive what they are entitled to in equity, and LILLY should not be unjustly enriched by its nonpayment of theses incentives that were earned by Plaintiff and the Class.

## COUNT IV – PROMISSORY ESTOPPEL (Individual Claim)
(Indiana Law Applies)

70. Plaintiff repeats and re-alleges allegations in the above paragraphs 1 through 43 as if fully set forth herein.

71. Plaintiff alleges this claim on an individual basis, separate and apart from the class allegations above.

72. Defendant LILLY represented and promised to Plaintiff that she would receive her VOB sales incentive and CVM incentive, SVC incentive, and Reward Recognition Trip throughout her employment term.

73. When LILLY made its representations and promises to Plaintiff, including but not limited to the representations in its Incentive Plan and emails providing calculation of incentives, it was with the expectation that Plaintiff would rely on those representations and promises. Simply put, when LILLY represented to Plaintiff the new incentive schedules, including how each incentive would be calculated, LILLY did so with the full intention of having Plaintiff rely on those representations and promises.

74. As a result of LILLY's representations and promises, Plaintiff reasonably relied on the fact that she would receive her incentives as explained by LILLY and as she had received regularly during her employment.

75. The incentives, including the VOB sales incentive, CVM and SVC incentives, and Reward Recognition Trip, were of definite and substantial nature. For example, throughout her employment, the above mentioned incentives were substantial and definite components of her salary.

76. Despite its own representations to the contrary, LILLY failed to pay Plaintiff the pro-rated amounts she was owed in conjunction with her sales incentives.

77. For example, LILLY failed to pay Plaintiff a pro-rated sales incentive because she failed to work throughout the whole payout period. Specifically, Plaintiff's employment was contractually set to end on March 7, 2013, only three weeks away from end of the sales incentive payout period. In addition to the sales incentive, LILLY also failed to pay the pro-rated amounts attributed to her CVM and SVC incentives.

78. Likewise, LILLY failed to allow Plaintiff to take part in the Reward Recognition Trip she earned with the rest of her department team for the 2012 fiscal year. Because Plaintiff's employment was terminated before the trip was scheduled to take place, Plaintiff is entitled to the reasonable value of the trip. In fact, LILLY admitted that the reasonable value of the trip was $5,000 when it agreed to pay certain employees who had earned the trip the reasonable value of the trip, $5,000, only because their employment was scheduled to be terminated two months after Plaintiff's.

79. Therefore, the only way that injustice can be avoided is by enforcement of LILLY's representations and promises to Plaintiff and the Class Members regarding its incentives.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all those similarly situated, demands judgment as follows:

A. For an order certifying that this action may be maintained as a Class action, under Rule 1.220, Florida Rule of Civil Procedure and certifying Plaintiff, LESLIE PINCIARO DUDLEY, as Class Representative, and designating her counsel as Counsel for the Class;

B. Finding that Defendant breached its Employment Contract with Plaintiff DUDLEY and each Class Member; or in the alternative, that LILLY was unjustly enriched by

retaining Plaintiff DUDLEY's and each Class Member's incentives that were due to them upon termination;

    C.    Awarding Plaintiff and the Class their full monetary damages to be proven at trial;

    D.    For an award of attorneys' fees and costs; and

    E.    For any further legal and equitable relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, individually and on behalf of all Class members, demands a trial by jury on all issues so triable.

DATED: September 13, 2013.    Respectfully submitted,

VARNELL & WARWICK, P.A.

/s/ Brian W. Warwick
BRIAN W. WARWICK, FBN: 0605573
JANET R. VARNELL, FBN: 0071072
STEVEN T. SIMMONS, JR., FBN: 0091654
20 La Grande Boulevard
The Villages, Florida 32159
Telephone: (325) 753-8600
E. *bwarwick@varnellandwarwick.com (primary)*
   *marnst@varnellandwarwick.com (secondary)*
   *jvarnell@varnellandwarwick.com (primary)*
   *ssimmons@varnellandwarwick.com (primary)*

and

WILLIAM J. SCOTT, FBN: 0604010
THE LAW OFFICES OF WILLIAM J. SCOTT
554 Lomax Street
Jacksonville, FL 32204-4115
Telephone: (904) 398-9995
Facsimile: (904) 358-4007
E: *wjscott.service@wjscottlaw.com*